J-S55011-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEIYAUVE ROBERT MONTREL GATES | : | |
| | : | |
| Appellant | : | No. 297 WDA 2020 |

Appeal from the PCRA Order Entered January 27, 2020
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001534-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEIYAUVE ROBERT MONTREL GATES | : | |
| | : | |
| Appellant | : | No. 298 WDA 2020 |

Appeal from the PCRA Order Entered January 27, 2020
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001632-2018

BEFORE:   BOWES, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED: MARCH 5, 2021**

Keiyauve Robert Montrel Gates appeals from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). We order the transcription of the relevant notes of testimony.

---

[*] Retired Senior Judge assigned to the Superior Court.

Appellant's convictions stem from two separate incidents, a burglary and a shooting. Appellant entered a guilty plea at both cases. For the shooting, Appellant pled guilty to attempted homicide and carrying a firearm without a license. For the burglary, Appellant pled guilty to theft by unlawful taking and criminal trespass. Appellant was sentenced at both cases to an aggregate term of thirteen to twenty-seven years of incarceration. A post-sentence motion was denied.

On July 8, 2019, Appellant filed a timely *pro se* PCRA petition alleging that trial counsel had failed to file a requested direct appeal and seeking the reinstatement of his direct appeal rights *nunc pro tunc*. Appointed PCRA counsel requested the transcription of the guilty plea and sentencing transcripts, before filing a supplemental PCRA petition specifying that Appellant had asked trial counsel at sentencing to file a direct appeal and requesting a hearing so that trial counsel could have a chance to respond. The Commonwealth filed a response agreeing that an evidentiary hearing was necessary in order to resolve this issue.

On November 19, 2019, the PCRA court held an evidentiary hearing, at which Appellant and trial counsel testified.[1] On January 27, 2020, the PCRA court issued an order and opinion denying the PCRA petition, finding

_____

[1] A transcript from this hearing has not been included in the certified record on appeal. However, both parties agree that Appellant and trial counsel testified at the hearing.

Appellant's testimony that he told counsel to file a direct appeal was "contradictory" and "self-serving." Order, 1/27/20, at 3. Instead, the court credited the "consistent" testimony of trial counsel that he filed the only post-sentence motion that Appellant requested. *Id*. at 5. These appeals followed.[2]

Appellant argues that the court erred in denying PCRA relief. *See* Appellant's brief at 2. Appellant, however, never requested that the transcripts from this specific proceeding be prepared. Although PCRA counsel submitted an "order for transcript" with both of his direct appeals, the orders do not request the transcription of any specific hearing. *See* Order for Transcript, 2/26/20. Our informal inquiries by the Western District Prothonotary's office have confirmed that the PCRA hearing was never transcribed.

While Appellant did request a transcript with his notice of appeal, he failed to specify which transcript he was requesting. As a result, the PCRA hearing was never transcribed and was not included in the certified record. Its absence thwarts our ability to review the merits of his claim. However, because counsel did submit a request for transcripts and we "may take such action as [we] deem appropriate" in this situation, we decline to find the issue waived. Pa.R.A.P. 1911(d). Instead, we direct the PCRA court to order the transcription of the November 19, 2019 PCRA hearing within thirty days. Once

---

[2] We consolidated the appeals *sua sponte*.

the hearing has been transcribed, the PCRA court should submit the transcript as a supplemental record pursuant to Pa.R.A.P. 1926(b)(1).

Jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  3/5/2021